UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-00141-GCM

CHARLOTTE PIPE AND FOUNDRY
COMPANY,

      Plaintiff/Counterclaim
      Defendant,

v.

J.P. DONMOYER, INC.,

      Defendant/Counterclaim
      Plaintiff.

ORDER

## PROTECTIVE ORDER

WHEREAS the parties intend to produce during discovery certain documents and information which they believe, in good faith, could result in injury to such party's competitive position and have a negative effect on its business dealings, market position, and other legitimate business interests if disclosure is not restricted pursuant to the terms of this Order; and the Court having considered the submissions of the parties, including the fact that they stipulate to this order, and good cause shown,

It is on this 21st day of June 2010, hereby ORDERED that:

1. This Order governs the use of "Confidential Materials," which shall refer to information, documents, and other materials provided during the course of discovery in this action designated as "Confidential Information" and "Confidential-Attorneys Eyes Only Information," as set forth below. Confidential Materials shall be used solely for purposes of

prosecuting or defending the present litigation between the parties and for no other purpose without leave of court.

2.	"Confidential Information," as used herein, means any type or classification of non-public information, whether it be a document, information contained in a document, information revealed during a deposition, or information revealed in an interrogatory answer or otherwise, which the disclosing party believes in good faith would, or might reasonably have a tendency to, cause harm to the business operations of the disclosing party or provide improper advantage to others, if disclosed to the public or without the restrictions set forth herein for such information.  In designating information as "Confidential Information," the disclosing party will make such designation only as to that information that it in good faith believes contains or constitutes confidential information such as trade secrets, technological developments, and other confidential research, development or commercial information.  Confidential Information also includes non-public, private information, such as (without limitation) personnel records.

3.	"Confidential–Attorneys Eyes Only Information," as used herein, means any type or classification of non-public information, whether it be a document, information contained in a document, information revealed during a deposition, or information revealed in an interrogatory answer or otherwise, which the disclosing party believes in good faith would, or might reasonably have a tendency to, cause harm to the business operations of the disclosing party or provide improper advantage to others, if disclosed to the public or without the restrictions set forth herein for such information.  In designating information as Confidential-Attorneys Eyes Only Information, the disclosing party will make such designation only as to that information that it in good faith believes contains or constitutes Confidential-Attorneys Eyes Only Information such as unpublished financial data, pricing or cost information, sales and profit

information, business plans, research and development information and other such sensitive information.

    4.    The persons having access to Confidential Information ("Qualified Persons to Review Confidential Information") are:

    (a)    Attorneys of record and attorneys designated as "of counsel" in this litigation and regular employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    (b)    No more than 3 employees described in 4(a)) of the receiving party who have a need to see such Confidential Information in connection with this litigation. Before access to Confidential Information is given to any employee, the employee shall execute the Declaration attached hereto as Exhibit B. Such Declaration shall be retained by counsel for the party by which the non-attorney employee is employed and a copy shall be served on opposing counsel only after a showing of good cause has been made for such disclosure;

    (c)    Any consultant, expert or advisor who is employed or retained by counsel for the parties for the purpose of discovery in this litigation or assisting in the preparation of this litigation, and is not an officer, director, employee, or regular consultant of any party to this action. Such Consultant shall not be affiliated with a competitor of the disclosing party. Before access to Confidential Information or Confidential-Attorneys Eyes Only Information is given to a Consultant, the Consultant shall execute the Declaration attached hereto as Exhibit A. Such Declaration shall be retained by the counsel who hired such Consultant and a copy shall be served on opposing counsel promptly after such Consultant has been identified as an Expert;

    (d)    Outside vendors who perform imaging, photocopying, computer classification or similar clerical functions but only for so long as necessary to perform their

services; common carriers; and court reporters; and

    (e)  The Court.

  5.  The persons having access to Confidential-Attorneys Eyes Only Information ("Qualified Persons to Review Confidential-Attorneys Eyes Only Information") are all persons described above in paragraph 4(a), (c), (d), and (e).

  6.  The receiving party shall not disclose or permit Confidential Material to be disclosed other than as provided herein, except that a party may provide Confidential Materials to a person who is legitimately the owner or source of the Confidential Materials. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the Confidential Materials consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

  7.  Procedures For Designating Confidential Material.

    (a)  Paper media. Paper documents produced by a party may be designated as Confidential Information by marking every page that contains Confidential Information with the following legend, or equivalent thereof:

CONFIDENTIAL

Paper documents produced by a party may be designated as Confidential-Attorneys Eyes Only Information by marking every page that contains Confidential-Attorneys Eyes Only Information with the following legend, or equivalent thereof:

CONFIDENTIAL--ATTORNEYS EYES ONLY

    (b)  **Non-Paper Media.** Where Confidential Material is produced in a non-paper medium (*e.g.*, video tape, audio tape, computer disks), the appropriate confidentiality notice as described in paragraph 7(a) above should be placed on the medium, if possible, and its

container, if any, so as to clearly give notice of the designation. To the extent that any receiving party prints any of the information contained on non-paper media that is designated as Confidential Material, such printouts will be marked as described in paragraph 7(a) above by the receiving party.

(c) Physical Exhibits. The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in paragraph 7(a) above.

(d) In the case of original files and records produced for inspection, no marking need be made by the designating party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "CONFIDENTIAL–ATTORNEYS EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the designating party shall, at the time the copies are produced to the inspecting party, mark as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" the copies of such documents as may contain Confidential Material.

(e) Written Discovery Responses. In the case of Confidential Material incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality notice as described in paragraph 7(a) above shall be placed only on the first page of the document and on each answer or response that actually contains Confidential Material.

(f) Depositions. Information disclosed at the deposition of a party or of one of its current or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation may be designated by that party as Confidential Information or Confidential-Attorneys Eyes Only Information. Such designation may be made at the

deposition or by correspondence from counsel within fifteen (15) days of receipt of the transcript setting forth the portions that contain Confidential Information or Confidential-Attorneys Eyes Only information.  The reporter shall designate the transcript or any part thereof Confidential Information or Confidential-Attorneys Eyes Only Information on the request of the party.  During this pendency, all transcripts shall be treated as Confidential-Attorneys Eyes Only Information.  Once a designation has been made under this paragraph, each party shall prominently attach a copy of the appropriate designation as described in paragraph 7(a) to the face of the transcript and each copy thereof in its possession, custody or control.

  8. Subject to the terms hereof, Confidential Material may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the depositions of:

   (a) current directors or officers of the designating party;

   (b) current employees of the designating party, to the extent such persons would be entitled to receive such information pursuant to the designating party's internal policies respecting confidentiality;

   (c) any person identified as a Fed. R. Civ. P. 30(b)(6) witness by the designating party;

   (d) any person employed by any affiliate of either party or employed by any non affiliate company which has a business relationship with either party, which person has prior knowledge of the Confidential Material or has access to such Confidential Material as part of his or her normal duties and responsibilities;

   (e) an author, addressee, or other person indicated on the face of the document as a lawful recipient of a document containing the information;

   (f) a person clearly identified in prior discovery or by the deponent in his or

her deposition as an author or recipient of the information (without prior disclosure of the specific Confidential Information);

    (g)  an independent advisor, consultant, expert or other person who has been authorized under the Protective Order to receive such information; or

    (h)  any person for whom prior authorization is obtained from the designating party or the Court.

    9.  The inadvertent production or disclosure of any Confidential Material that have not been designated hereunder shall be without prejudice to a party's rights under this Order, and each party shall retain the right thereafter to designate such Confidential Material. The disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the information as Confidential Information or Confidential-Attorneys Eyes Only Information under this Order. To the extent such information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

    10.  Inadvertent production of any information by a party or non-party that does not contain a marking of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY will not waive the party's or non-party's claim that this information is Confidential Information or Confidential-Attorneys Eyes Only Information or estop the parties or non-parties from designating this inadvertently produced information as Confidential Information or Confidential-Attorneys Eyes Only Information at a later date. Disclosure of this information prior to such later designation is not a violation of this Order.

11. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the supplying party of any information as Confidential Information or Confidential-Attorneys Eyes Only Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court.

The parties may by written stipulation signed by counsel for each party provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order. This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is and is not in fact Confidential Information or Confidential-Attorneys Eyes Only Information. Upon such hearing, the party asserting Confidential Information or Confidential-Attorneys Eyes Only Information status shall have the burden of establishing same.

12. If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of receiving a written request for the return of such item or items of information.

13. During the course of this action, a party may be requested to produce to another party material subject to contractual or other obligations of confidentiality owed to a non-party

by the party receiving the request. The party subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this Order. If the non-party is willing to permit the disclosure of the subject material to the requesting party, the documents shall be produced in accordance with this Order. If the non-party is not willing to permit disclosure of the confidential document or information under the terms of this Order, the demanding party in the litigation shall be notified and any documents withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the person to whom the obligation of confidentiality is owed. This Order shall not preclude any party from moving a court for an order compelling production of such material.

14. "Confidential Information" or "Confidential-Attorneys Eyes Only Information" in any pleading, motion, brief, appendix, or other paper filed with the clerk of the court, the filing shall, unless agreed otherwise between the parties, be governed by the Local Civil Rules and the applicable case law governing the filing of materials under seal.

15. Within thirty (30) days after termination or settlement of this action, including all appeals, all Confidential materials and copies marked as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" or containing Confidential Information or Confidential-Attorneys Eyes Only Information shall be returned to the party producing such information or documents, together with any and all summaries, abstracts, notations and compilations containing any Confidential Information or Confidential-Attorneys Eyes Only Information, but excluding any materials that in the judgment of attorneys in possession of such materials are work product materials, as to which those attorneys will take reasonable steps to

ensure the continued protection of Confidential Materials contained therein. In the alternative, within thirty (30) days after termination of this action, the disclosing party may authorize that its Confidential Materials disclosed to the other parties in this matter (including copies) may be shredded or disposed of in a manner to assure the destruction thereof and a declaration certifying such destruction or disposal shall be provided to the party producing such information.

16. Nothing in this Protective Order shall bar or otherwise prevent any attorney herein from rendering advice to his/her client with respect to this litigation and, in the course thereof, from relying upon his/her examination or knowledge of Confidential Materials; provided, however, that in rendering such advice and in otherwise communicating with his/her client, such attorney shall not disclose the contents of any Confidential Materials produced by another party herein to any person who is not authorized to receive such information under the provisions of this Order.

17. A receiving party may not use another party's Confidential-Materials in the preparation or prosecution of a patent or patent application unless the receiving party was already in possession of that information prior to its being disclosed in this litigation.

18. No party shall be bound by this Order as to any information:

    (a)    that it lawfully obtained independently of this litigation; or

    (b)    that is generally known to the public, provided that such information was not obtained or made public in violation of this or any other obligation of confidentiality.

19. All notices by this Order are to be served via email, facsimile or hand delivery with confirmation by regular mail to the appropriate attorney(s) for all counsel of record in this case. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the date that the email, facsimile or hand delivery was received. Any of the

notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the supplying party.

20. The ultimate disposition of protected materials is subject to a final order of the court upon the completion of litigation.

SO ORDERED.

Signed: June 22, 2010

Graham C. Mullen
United States District Judge